IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JANE DOE, | Case No. 6:24-cv-00972-AP |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| LEXISNEXIS RISK DATA MANAGEMENT, LLC, | |
| Defendant. | |

POTTER, United States Magistrate Judge:

In June 2024, Plaintiff Jane Doe filed this action alleging that Defendant LexisNexis Risk Data Management, LLC (LNRDM) violated the Fair Credit Reporting Act. Compl., ECF No. 1. More than a year later, Plaintiff seeks to amend her complaint to substitute LexisNexis Risk Solutions, Inc. (LNRS) in place of Defendant. Pl.'s Mot., ECF No. 33. Because Plaintiff has shown good cause, Plaintiff's motion is GRANTED.[1]

## BACKGROUND

Plaintiff filed her complaint on June 19, 2024. Compl. The Court issued a standard Discovery and Pretrial Scheduling Order on June 24, 2024. ECF No. 2. Per that Order, all pleadings were to be filed and all parties were to be joined by October 22, 2024. *Id.* Defendant's answer was filed on October 2, 2024. Answer, ECF No. 13. The next day, the Court issued a

---

[1] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. CV-09-2168-PHX-ROS, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n. 1 (9th Cir. 1985) ("[Plaintiff's] motion for leave to amend its complaint was properly treated as a nondispositive motion.").

PAGE 1 – OPINION & ORDER

scheduling order, setting the Rule 16 conference for November 19, 2024, and vacating all deadlines. ECF No. 14. At the Rule 16 conference, the Court set deadlines for discovery and dispositive motions but did not set a new deadline for filing pleadings or joining parties. ECF No. 17. Plaintiff filed the instant motion in September 2025. Pl.'s Mot.

## STANDARDS

After the initial pleading stage, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality." (internal quotations and citations omitted)). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citation omitted).

However, once the Court has issued a scheduling order with a deadline to amend the pleadings, Rule 16 governs.[2] *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 745 (9th Cir. 2025), *cert. denied sub nom. Hartzell v. Marana Sch. Dist.*, No. 25-143, 2025 WL 2906524 (U.S. Oct. 14, 2025). Under Rule 16, a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

---

[2] Although the Court's October 3, 2024, Scheduling Order vacated all deadlines, the parties seem to be in agreement that Plaintiff must meet the "good cause" standard of Rule 16.

PAGE 2 – OPINION & ORDER

Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

When examining whether a plaintiff was diligent, the Court looks at three factors: (1) whether the plaintiff was diligent in creating a Rule 16 order; (2) whether the failure to comply with the Rule 16 order occurred not because of lack of diligence, but because of unforeseen matters; and (3) whether she was diligent in seeking amendment when it became apparent that the Rule 16 order could not be followed. *Pizana v. SanMedica Int'l LLC,* 345 F.R.D. 469, 478 (E.D. Cal. 2022). The decision to modify the scheduling order is left to the court's discretion. *Id.*

## DISCUSSION

Defendant argues that Plaintiff has not been diligent in seeking leave to amend and should have sought leave sooner. Def.'s Resp. 9-13, ECF No. 35. Defendant first points to their answer, in which they noted that "Upon information and belief, LexisNexis Risk Data Management, LLC may not be the proper defendant in this case. LNRDM reserves all rights and remedies regarding the identification of the proper defendant in this case." Answer n. 1. Defendant's counsel also advised Plaintiff's counsel of the party issue in a December 2024 phone call. Def.'s Resp. 11. Defendant argues that their April 2025 responses to Plaintiff's discovery requests also "made clear that LNRDM was not the correct defendant in this case." Def.'s Resp. 11-12. Finally, Defendant again told Plaintiff's counsel that they had named the wrong defendant in an August 2025 phone call. Def.'s Resp. 12.

In response, Plaintiff maintains that she sought to amend her complaint as soon as she definitively learned that Defendant was not the correct defendant. Pl.'s Mot. 9. Specifically, Plaintiff states that it was not until September 15, 2025, when Plaintiff learned that certain

documents had been provided by LNRS rather than LNDRS, that Plaintiff then knew that she had named the wrong Defendant. *Id.*

Plaintiff acknowledges that there were earlier signs indicating that LNDRM might not be the correct defendant, but points to the uncertainty and vagueness of Defendant's responses to justify any delay. Defendant's answer only stated that they "may not be the proper defendant." Even so, Defendant did not file a motion to dismiss on those grounds (or any other). Pl.'s Mot. 7. Plaintiff did not find Defendant's discovery responses to be as "clear" as Defendant argues. Those responses indicated that both LNDRM and LNRS would have knowledge as to Plaintiff's claims. Pl.'s Mot. 8-9. As for the two phone calls, Plaintiff asserts they are "at best, disputed and self-serving out of court representations." Pl.'s Reply 3, ECF No. 36. Plaintiff also points to the fact that the parties engaged in substantive settlement discussions; during those discussions Plaintiff's counsel was under the impression that Defendant was "empowered to resolve the claims on the merits." Pl.'s Mot. 7-8.

Defendant argues that their objection to Plaintiff's discovery requests because LNRDM is not a "consumer reporting agency" and did not "compile, prepare, or publish consumer reports about Plaintiff" should have been "flashing neon lights" to Plaintiff's counsel. Def.'s Resp. 11-12. However, this is a common defense to FCRA claims. *See, e.g., Alkayali v. LexisNexis Risk Solutions, Inc.*, 2025 WL 1908313 (S.D. Cal. July 10, 2025). Defendant's Answer and discovery responses did not make clear that LNRDM was not the correct defendant.

While Plaintiff's counsel could have been more diligent in ascertaining the correct defendant, the Court finds that there is good cause to modify the scheduling order. The Court's October 22, 2024, deadline for amending pleadings and joining parties could not have "reasonably be[en] met despite the diligence of the party seeking the extension." *Johnson*, 975

F.2d at 609. When that October 22, 2024, deadline was set, the Court's order also required all discovery to be completed and all pleadings, pretrial and dispositive motions to be filed by that same date. ECF No. 2. Those deadlines were then vacated pending a Rule 16 conference that was set for October 19, 2024, three days before the original deadline. ECF Nos. 14, 17.

At the Rule 16 conferences, the parties then agreed to extend discovery until May and have dispositive motions due in July. ECF No. 17. No new dates for amending pleadings appears to have been set. The discovery deadline was eventually extended with fact discovery not closing until October 24, 2025, after the date on which Plaintiff filed the motion for leave to amend. To the extent that no new date for filing amended pleadings was set at that Rule 16 conference (or requested in any of the subsequent requests for extension of discovery), that cannot be attributed only to the Plaintiff. But considering the original schedule, it seems clear that the intent was to have the deadline to file amended pleadings tied to the ending of discovery. That was not where the case was on October 22, 2024; Defendant's Answer had been filed only three weeks prior and "LNRDM was not clear at the time it answered whether it was the wrong Defendant or not." Def.'s Resp. 3 n. 1. Given this, there is good cause to extend the October 22, 2024, deadline for amending pleadings.

Good cause has been shown, but Plaintiff must also demonstrate that amendment is proper under Rule 15(a)(2). *Chang v. Cashman*, 723 F. Supp. 3d 772, 779 (N.D. Cal. 2024). Prejudice is the critical inquiry here; prejudice occurs when amendment would require an entirely new defense but it is mitigated when, as here, there is no trial date and no pretrial conference has occurred. *Pizana,* 345 F.R.D. at 483–84.

Defendant argues that "LNRDM would suffer clear prejudice" by amendment. Def.'s Resp. 16. This prejudice seems tied to the idea that discovery may need to be redone. *Id.* at 17.

PAGE 5 – OPINION & ORDER

This does not amount to undue prejudice. *Chang*, 723 F. Supp. 3d at 782. Moreover, if Plaintiff amends her complaint, Defendant will be dismissed from this action and LNRS substituted as the proper defendant. Defendant LNRDM is not prejudiced by the late-stage amendment. To the extent that LNRDM is attempting to argue on behalf of LNRS, it is unclear that should be a consideration. *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1048 (N.D. Cal. 2021) ("Generally, Rule 15(a) focuses on the prejudice to the opposing *party*." (emphasis in the original)). But at this stage, LNRDM's general complaint that LNRS will incur costs due to additional discovery and delay—when there is no trial date—fails to establish substantial prejudice.[3] *Cf. DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 188 (9th Cir. 1987) (rejecting arguments by proposed defendant that it would suffer prejudice because of "undue delay" when case was in discovery and no pretrial conference or trial date had been set).

The Court also finds that Plaintiff's motion is not made in bad faith, nor is it futile on its face. Finally, while the schedule for discovery and dispositive motions will necessarily need to be adjusted, the Court finds that amendment does not cause undue delay.

//
//
//
//
//

---

[3] Plaintiff argues that the proper party has always been before the Court. Pl.'s Mot. 6. The Court defers ruling on that until LNRS has appeared and had a chance to be heard. LNRS will, of course, be free to argue that the amendment does not relate back under Rule 15(c). *Cf. Pizana v. SanMedica Int'l LLC,* 345 F.R.D. 469, 483–84 (E.D. Cal. 2022) ("Though Rule 15(c) is not at issue in the pending motion, defendant's assertion of prejudice from an extended limitations period is simply not persuasive against that backdrop.")

PAGE 6 – OPINION & ORDER

## **CONCLUSION**

Plaintiff's Motion for Leave to Amend is GRANTED. Plaintiff shall file her amended complaint within 14 days.

IT IS SO ORDERED.

DATED this  1st  day of December, 2025.

                                                /s/Amy E. Potter  
                                                AMY E. POTTER  
                                                United States Magistrate Judge